



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ross Doughty, Jr.
County Attorney
Uvalde County
Uvalde, Texas

Dear Sir:

Opinion No. O-4848
Re: Is it permissible for a county
attorney under Article 4664,
Vernon's Annotated Civil Stat-
utes, to seek an injunction
against a person operating a
dance hall where intoxicating
liquors are drunk by persons
assembled in two's or more,
under the facts stated?

Your letter requesting the opinion of this depart-
ment on the above stated question reads as follows:

"I would like to have the opinion of your
Department reference to that part of Article
4664, Vernon Civil Statutes, relating to a nui-
sance, which reads as follows:

"'Any Hotel, rooming house or boarding house,
etc...... or to which persons resort in assembly
of two or more persons to the room for the purpose
of drinking intoxicating liquor, is hereby de-
clared to be a common nuisance.'

"Under the authority of the case of Hetrick
-vs- State, 67 S.W.R. (2), p. 889, I conclude that
the Court of Civil Appeals of Amarillo has ruled
that a nuisance exists as defined in this Statute,
where people assemble together and drink in 2's
or more, regardless of whether the area is a dry
or wet area, and regardless of whether it is legal
to drink intoxicating liquor in the area in which
the offense is charged.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Ross Doughty, Jr., Page 2

"However, under All Texas Racing Association
-vs- State, 62 S.W.R. (2) 151, affirmed 97 S.W.R.
(2) p. 669, re-hearing denied, 100 S.W.R. (2) p.
348, which case is not with reference to the drink-
ing of intoxicating liquor, it seems that a con-
trary rule may be laid down in that the act charged
must be an illegal act within itself. Likewise,
the case of Waits -vs- State, 76 S.W.R. (2) p. 545.

"31 Texas Jurisprudence, Section 23, referring
to places of entertainment and amusement, states that
they are not nuisances per se, unless prohibited by
Statutes, but states further that such places may
become nuisances by reason of their surroundings or
the manner in which they are conducted.

"It is my conclusion that under the Hetrick
case, and likewise under the very recent case of
Parker et al -vs- State, 161 S.W.R. (2) p. 319, in
which application for Writ of Error was refused by
the Supreme Court, that it would be permissible for
the State, by the County Attorney, to seek an in-
junction under Art. 4664 against a person operat-
ing a dance hall, where intoxicating liquors are
drunk by persons assembled in 2's or more.

"My specific case is against the proprietor
of a dance hall situated in a wet area, where peo-
ple assemble to drink. The Hall does not sell in-
toxicating liquors or beverages. We have a disturb-
ance at this place several times a week.

"I would appreciate your opinion on this mat-
ter, as quickly as possible."

Article 4664, Vernon's Annotated Civil Statutes pro-
vides:

"Any hotel, rooming house or boarding house,
country club, garage, rent car stand or other
place to which the public commonly resort for
board or lodging or commonly congregate for busi-
ness or pleasure, where intoxicating liquors are
kept, possessed, sold, manufactured, bartered or
given away, or to which persons resort in assembl-
ing of two or more persons to the room for the

purpose of drinking intoxicating liquor, or where intoxicating liquors are furnished to minors or to students of any educational institution, or where persons resort for the purpose of gambling, or for the purpose of prostitution, is hereby declared to be a common nuisance. Any person who knowingly maintains or assists in maintaining such a place is guilty of maintaining a nuisance."

It will be noted that the abovementioned statute defines as a common nuisance: any hotel, rooming house or boarding house, country club, garage, rent car stand or other place to which the public commonly resort for board or lodging or commonly congregate for business or pleasure where persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor, etc.

Article 4664, supra, was passed, obviously, as an aid to the enforcement of certain laws, penal in character, in existence at the time of its enactment, to wit, the laws prohibiting the manufacture and sale of intoxicating liquor, gaming, etc. It is to be noted, however, that Article 4664 goes further than the penal statutes. For instance, it was no offense to drink intoxicating liquor, yet Article 4664 defines as a nuisance a place of the general character of those specified "to which persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor".

In the case of Parker vs. State, 161 S. W. (2) 319, writ refused by the Supreme Court, the Court of Civil Appeals held that Article 4664 was not repealed by the Liquor Control Act. The action was by an injunction against the maintenance of a dance hall alleged to be a place to which persons resort in numbers of two or more for the purpose of drinking intoxicating liquors, in Johnson County, a dry county. This case is authority, at least, for the proposition that Article 4664 can be invoked in dry areas.

In the case of Hetrick vs. State, 87 S. W. (2) 887, it was held that the maintenance of a dance hall might be enjoined as a place to which persons resorted for the purpose of drinking intoxicating liquor, though it was not alleged that the place was in dry territory, or that the liquor being drunk was not 3.2 beer. The court said "the right to abate

Honorable Ross Doughty, Jr., Page 4

a nuisance does not necessarily depend on the existence of the provision in the Penal Code, defining the act sought to be enjoined as an offense and prescribing fine or imprisonment as punishment for his violation. There does exist an applicable statute, to wit, Article 4664, penal in its nature, and prescribing abatement as the remedy".

In connection with the question under consideration we have carefully considered the case of All Texas Racing Association vs. State, 82 S. W. (2) 151, affirmed (Sup.) 97 S. W. (2) 669, rehearing overruled 100 S. W. (2) 348, which is referred to by you, and do not think that this case has any application to the question presented in your inquiry. As we understand this case, it was held that the maintaining of premises at which dog racing was conducted and persons bet thereon could not be enjoined under Article 4664. Two reasons were given: (1) The "gambling" mentioned in Article 4664 included only such gambling as was defined by the Penal Code and betting on dog races was not an offense under the Penal Code; and (2) applying the rule of "ejusdem generis", "other places" and Article 4664 did not include "places" generally but only "places" of the same character as those specifically mentioned preceding the general term and the "place" at which the dog racing and betting occurred was not of that character.

Where the Liquor Control Act expressly or by necessary implication authorizes the sale of liquor, beer and wine, and prescribes the circumstances under which it may be sold, Article 4664 is not available, on the ground that that which is lawful cannot be a nuisance. Thus, since the Liquor Control Act authorizes permits for package stores to sell liquor; and authorizes permits for the sale of beer for consumption on the premises, a package store with a permit cannot be enjoined for selling liquor, nor could the retail beer permit holder be enjoined from maintaining a place where persons resort for drinking beer, an intoxicating liquor.

In the Parker case, supra, the alleged nuisance existed in a "dry" area, it is to be noted that the suit was not to enjoin the maintenance of premises where sales or gifts of intoxicating liquors were made, but premises, (a dance hall) to which the public resorted to drink intoxicating liquor. The Liquor Control Act does not define as an offense the maintenance of premises to which the public resort to drink intoxicating liquors, either in a dry area or a wet area. The offense denounced by the Act is the unlawful sale; so that it is apparent, under the Parker case, that we must look to Article 4664 alone for the offense and penalty.

Under the facts stated in your letter it is apparent that the proprietor of the dance hall does not have any permit or license authorized by the Liquor Control Act and that the place in question (the dance hall) is a place where persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor.

You are therefore advised that under Article 4664 a dance hall in wet territory maintained as a place to which members of the public commonly resort in numbers of two or more to the room for the purpose of drinking intoxicating liquors may be enjoined as a common nuisance if the proprietor does not hold a permit authorizing him to sell the liquors consumed for consumption on the premises, or if the liquors consumed thereon are not such as are authorized to be sold for consumption on the premises.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:mp

APPROVED SEP 29, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

